1  Henry C. Bunsow (SBN 060707)
   bunsowh@howrey.com
2  K.T. Cherian (SBN 133967)
   cheriank@howrey.com
3  Robert M. Harkins, Jr. (SBN 179525)
   harkinsr@howrey.com
4  Vinay V. Joshi (SBN 213487)
   joshiv@howrey.com
5  HOWREY LLP
   525 Market Street, Suite 3600
6  San Francisco, California  94105
   Telephone:  (415) 848-4900
7  Facsimile:  (415) 848-4999

8  Attorneys for Third-Party
   KLA-Tencor Corporation

9
10                         UNITED STATES DISTRICT COURT
11                        NORTHERN DISTRICT OF CALIFORNIA
12                                 OAKLAND DIVISION

13  FUJITSU LIMITED and FUJITSU          )  Case No. 4:06-CV-06613 (CW) (JCS)
    MICROELECTRONICS AMERICA, INC.       )              4:07-CV-03672 (CW)
14                                       )              4:08-CV-01254 (CW)
            Plaintiffs,                  )
15                                       )  **STIPULATED MOTION AND [PROPOSED]
        vs.                              )  ORDER FOR ADDENDUM TO THE
16                                       )  STIPULATED PROTECTIVE ORDER
    NANYA TECHNOLOGY CORP. and NANYA     )  (DKT. #77)**
17  TECHNOLOGY CORP. U.S.A.              )
                                         )
18          Defendants.                  )
                                         )
19  NANYA TECHNOLOGY CORP. and NANYA     )
    TECHNOLOGY CORP. USA                 )
20                                       )
                                         )
21          Third-Party Plaintiff,       )
                                         )
22      vs.                              )
                                         )
23                                       )
    KLA-TENCOR CORPORATION,              )
24                                       )
            Third-Party Defendant.       )
25
26
27
28

**ADDENDUM TO THE FEBRUARY 20, 2007 STIPULATED PROTECTIVE ORDER**

Fujitsu Limited and Fujitsu Microelectronics America, Inc., Nanya Technology Corp. and Nanya Technology Corp. U.S.A., and KLA-Tencor Corporation hereby stipulate and agree to this Addendum to the February 20, 2007, Stipulated Protective Order:

1. <u>Clarification Regarding Paragraph 1(b) of the Stipulated Protective Order</u>

In paragraph 1(b) of the Stipulated Protective Order, the designation "CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" may include technical documents, source code, algorithms, descriptions of algorithms, theories of operations, electronically stored information, things, materials, testimonies, information (as defined by Rule 34 of the Federal Rules of Civil Procedure) or other forms of evidence or discovery, or portions thereof, related to the structure and/or operation of any product involved in this action.

2. <u>Protocol Regarding Source Code</u>

The parties have agreed on the following protocol for the inspection of source code. Source code refers to human-readable text files used as input to computer programs that generate machine-readable files. Source code includes, but is not limited to, files containing program text in "C", "C++", assembler, VHDL, Verilog, and other programming languages. Source code further includes "make" files, link files, software algorithms, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor or a microcontroller. Source code does not include process flows, circuit designs, graphic data system (GDS) files or any similar electronically stored information.

a. The disclosing Party will provide pre-Bates stamped and pre-confidentiality designated stamped (but otherwise blank) printing paper. Source code may only be printed on such paper on a designated printer at a secure facility(ies) designated by the disclosing party.

b. Only those persons identified in paragraphs 7(i), (iii) and (iv) of the Stipulated Protective Order may have access to the secure facility(ies) for inspection of the disclosing party's source code. The receiving party's counsel shall provide to outside counsel for the disclosing party the name of any individual who will require access to the secure facility at least three business days before

1  such access will be granted the first time. Individuals who have been previously identified according
2  to this paragraph may access the secure facility, consistent with the normal practice at the facility,
3  without further approval, although the disclosing party shall be informed each time such persons
4  access the secured facility.

5      c.    If the individual(s) inspecting the disclosing party's source code desire(s) to take notes,
6  all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose
7  paper or other paper that can be used in a printer may be brought in to the secure facility.

8      d.    Outside counsel for the parties will make arrangements with the designated facility(ies)
9  for the computer and the printer. The receiving party may request that standard software analysis tools
10 used by the disclosing party be available on the disclosing party's computer, which request shall not be
11 unreasonably denied. The disclosing party shall not record, monitor, or otherwise attempt to obtain the
12 work product of the receiving party during the inspection.

13     e.    No computer component or peripheral that may be suitable for use with the computer or
14 printer in the room (including hard drives and floppy drives, tape drivers, modems and modem cards,
15 etc.) will be permitted in the secure facility(ies).

16     f.    At the end of each working day, all originally printed pages will be retained by
17 disclosing party representatives who will then make one copy for the designated individual from the
18 receiving party. Only such copies of selected source code may be removed from the facility by the
19 individuals identified in paragraphs 7(i), (iii) and (iv) of the Stipulated Protective Order. Printing and
20 copying may not be done in such volume as to circumvent the purpose of this provision in protecting
21 the parties' source code to the fullest extent possible.

22     g.    No originally printed paper will be permitted to be removed from the facility other than
23 by representatives of the disclosing party.

24     h.    Inspecting personnel will be required to give 3 business days notice before being
25 granted access to the secure facility during normal working hours for the selected facility. Any person
26 or party who fails to observe the notice requirement may be denied access.

27
28

1    i.   This agreement will not preclude any party from seeking source code in a form other than as set forth herein, *e.g.*, in native format, if good cause exists to seek the information in such other form.

So STIPULATED and AGREED TO:

DATED: April 25, 2008          HOWREY LLP

By: /s/                                        .
Robert M. Harkins
Counsel for Third-Party Defendant
KLA-Tencor Corp.

DATED: April 25, 2008          MILBANK, TWEED, HADLEY & MCCLOY LLP

By: /s/                                        .
Michael M. Murray
Counsel for Plaintiffs Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

DATED: April 25, 2008          SHORE CHAN BRAGALONE LLP

By: /s/                                        .
Alfonso G Chan
Counsel for Third-Party Plaintiffs
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

PER STIPULATION, IT IS SO ORDERED.

Dated:

_____
HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE