**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP., U.S.A., a California corporation,<br><br>        Defendants. | No. C 06-6613 CW |
| KLA-TENCOR CORP.,<br><br>        Plaintiff,<br><br>    v.<br><br>FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC.,<br><br>        Defendants. | No. C 08-1254 CW<br><br>ORDER CONCERNING DUTIES AND INSTRUCTIONS FOR COURT-APPOINTED EXPERT DR. DAVID A. HODGES |

    If Dr. David A. Hodges consents, the Court will appoint him as its expert witness.  See Fed. R. Evid. 706.  As the Court-appointed

expert, Dr. Hodges shall serve as a neutral, independent expert on behalf of the Court on the technology at issue in this case with respect to all patents-in-suit. His duties shall include the following: (i) to provide a basic tutorial to the Court and the jury on the underlying technology at issue in this case related to all of the patents-in-suit; (ii) to provide a tutorial, expert analysis and opinions as to the claim construction issues in this case related to all patents-in-suit; and (iii) to provide expert analysis and opinions as to the technical issues in this case related to all patents-in-suit, including issues concerning infringement and validity of the asserted claims of all patents-in-suit.

    Dr. Hodges will be provided with various materials to use as resources when forming his opinions. Some materials are available now and will be provided within five days of the entry of an order appointing him. Other materials will be provided on a rolling basis as they become available during the course of the litigation. The parties believe that these materials may be helpful for Dr. Hodges to consider for the purposes of forming his opinions. He is not limited to these materials, and may request additional information if he believes that it is necessary. He may give these materials as much weight and consideration as he believes in his professional judgment is required.

    Copies of the following materials will be provided to Dr. Hodges within five days of the entry of an order appointing him, in organized binders that are labeled and tabbed: (i) all patents-in-suit, (ii) the file histories of all patents-in-suit;

2

(iii) Plaintiffs' Patent Local Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated March 12, 2007; (iv) Plaintiffs' First Supplemental Patent Local Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated April 4, 2007; (v) Defendants' Preliminary Invalidity Contentions, dated April 30, 2007; (vi) Defendants' First Amended Preliminary Invalidity Contentions, dated June 27, 2007; (vii) Defendants' Supplemental Preliminary Invalidity Contentions, dated January 22, 2008; (viii) Defendants' Patent Local Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated March 12, 2007; (ix) Plaintiffs' Preliminary Invalidity Contentions, dated April 30, 2007; (x) transcripts of all pertinent depositions taken thus far; and (xi) the up-to-date and all continuing correspondence to and from the United States Patent and Trademark Office (USPTO) as it becomes available regarding reexaminations of all patents-in-suit.

During the course of the litigation, the parties will provide more materials to Dr. Hodges, as they become available. A few examples of these materials are as follows. One, the Court expects that the parties will submit additional infringement and invalidity contentions. Two, the opening reports of the parties' experts are due on 11/12/08 and the rebuttal expert reports are due on 12/2/08. Three, the opening, opposition, reply and sur-reply briefs on claim construction are due on 1/12/09, 2/2/09, 2/23/09 and 3/5/09, respectively. On or about the same dates that the parties exchange the above materials with each other, or file them with the Court, copies shall be sent to Dr. Hodges. Similarly, deposition

3

transcripts of the parties' experts and additional pertinent fact witnesses will be provided to Dr. Hodges on or about the same dates that they become available.

The parties will send the documents to Dr. Hodges jointly.  If the parties disagree about the propriety of providing a certain document or thing to Dr. Hodges, the parties will seek the Court's assistance and neither party shall provide that document or thing to Dr. Hodges until and unless the Court has resolved the issue.

Dr. Hodges may look to the expert reports and the deposition transcripts of the parties' experts for guidance as to what the experts and the parties believe are the key issues to be addressed in this case.  However, it is not his role to critique the parties' experts.  His conclusions are to be his own independent opinions.  The parties will provide him with a copy of the model jury instructions for patent cases here in the Northern District of California.  The basic law regarding his tasks will be set out in these instructions and Dr. Hodges shall abide by them.  In addition, he will have the opportunity to ask questions, as described below, in the event that a patent law issue comes up that was not addressed by these materials.

Dr. Hodges will need to attend the claim construction oral hearing on March 26, 2009.  Prior to the hearing, Dr. Hodges shall review the parties' claim construction briefs.  On or before April 13, 2009, Dr. Hodges shall provide the Court and the parties with his advisory opinion on claim construction.  The advisory opinion shall include Dr. Hodges's proposed constructions of the disputed claim terms and his reasoning for arriving at those constructions.

4

Regarding the technical issues in this case, after reviewing the materials provided to him, and conducting his own independent analysis, Dr. Hodges will prepare an expert report, containing a statement of his opinions and the reasons for his opinions. His report should be sent to the parties by express mail no later than May 15, 2009. Within a month following submission of Dr. Hodges's expert report, the parties may ask him to appear for a deposition at a time and location that is convenient to him. At the deposition, the parties can ask him questions, and he will be given the opportunity to explain his opinions in greater detail prior to his testimony at trial. Each party may depose Dr. Hodges for up to 7 hours. In his expert report:

(i) Dr. Hodges will offer his opinion on infringement by determining whether each and every element of the asserted claims can be found in the accused products. Each party's infringement contention chart will set out its infringement theory on an element-by-element basis. Similarly, the parties' expert reports will track this element-by-element analysis. Dr. Hodges should conduct his own independent analysis in the same manner as the parties in this case.

(ii) Also, Dr. Hodges will offer an opinion on patent invalidity due to anticipation, by determining whether or not each and every element of one or more of the asserted claims can be found in any one item of prior art. The parties' invalidity contention charts will set out their invalidity-due-to-anticipation theories on an

5

|   |   |   |
|---|---|---|
| 1 |  | element-by-element basis.  Similarly, the parties' expert |
| 2 |  | reports will track this element-by-element analysis.  Dr. |
| 3 |  | Hodges should conduct his own independent analysis on |
| 4 |  | anticipation in the same manner as the parties in this |
| 5 |  | case. |
| 6 | (iii) | Additionally, Dr. Hodges will offer his opinion on |
| 7 |  | invalidity due to obviousness by determining whether or |
| 8 |  | not it would have been obvious to combine the teachings |
| 9 |  | of certain references to achieve the claimed invention. |
| 10 |  | The parties' invalidity contention charts will set out |
| 11 |  | their invalidity-due-to-obviousness theories on an |
| 12 |  | element-by-element basis.  Similarly, the parties' expert |
| 13 |  | reports will track this element-by-element analysis.  Dr. |
| 14 |  | Hodges should conduct his own independent analysis on |
| 15 |  | obviousness in the same manner as the parties in this |
| 16 |  | case. |

Lastly, Dr. Hodges will testify at trial on his opinions.  The trial is scheduled to begin on July 13, 2009.  The Court and the parties will attempt to accommodate Dr. Hodges and to give him as much advance notice as possible as to what day (or days) he will be needed to testify.  Trials are complex matters, however, involving many witnesses, so flexibility will be required.  The parties will pay for all of Dr. Hodges's reasonable hotel and travel expenses.

Dr. Hodges may contact the Court, by calling its clerk at (510) 637-3542, if questions come up or if he encounters difficulty in accomplishing his assigned tasks.  The clerk will arrange a conference call with the attorneys.  He may also contact the Court

6

1  by letter, with a carbon copy to the parties, or by emailing the
2  clerk and "cc"-ing the parties.  The clerk's email address is
3  sheilah_cahill@cand.uscourts.gov.  In addition, Dr. Hodges may
4  contact the parties directly, by using the e-mail addresses that
5  they will provide to him, if he needs additional documents or other
6  information.  Dr. Hodges, however, shall not contact only one
7  party, as it is important that both sides be given the chance to
8  communicate with him jointly if needed.  The parties will set up a
9  conference call if necessary.

10  In order to accept this appointment, Dr. Hodges must give his
11 consent to serve as the Court-appointed expert in this case, and
12 must acknowledge his responsibility to discharge his duties in
13 accordance with the instructions set forth in this order, by
14 signing below and returning the signed original to the Court in the
15 enclosed envelope.

16  Dr. Hodges must also confirm that he has no conflict of
17 interest.  Specifically, Dr. Hodges should provide the information
18 requested in the attached "Disclosure Form."  He may provide this
19 information in the same envelope containing his consent.

20  Upon his agreement and the Court's appointment, the parties
21 will retain Dr. Hodges.  Fujitsu and Defendants (Nanya and KLA)
22 shall equally share Dr. Hodges's fees and expenses.  Each side will
23 deposit a retainer of $20,000 in one of its counsel's trust
24 account.  The parties shall disclose to Dr. Hodges the hourly rates
25 they are paying to their experts.  Dr. Hodges may bill at his usual
26 hourly rate or at a rate commensurate with the rates paid to the
27 parties' expert witnesses.

28

7

IT IS SO ORDERED.

Dated: 5/5/08

_____
CLAUDIA WILKEN
United States District Judge

CONSENT

I consent to serve as the Court's expert in the cases of <u>Fujitsu Ltd. v. Nanya Technology Corp.</u>, No. C 06-6613, and <u>KLA-Tencor Corp. v. Fujitsu Ltd.</u>, No. C 08-1254, and will discharge my duties in accordance with the instructions provided to me by the Court.

Dated: _____                    _____
                                          DAVID A. HODGES

8

DISCLOSURE FORM

Please answer the following questions:

    1.   Do you presently provide any goods or services (paid or unpaid) to any entity on the Attached List?  If yes, please explain in detail.

    2.   Please provide a list of all semiconductor companies for which you have consulted or worked in the past four years, and for each state the nature of your work.

    3.   Have you or any member of your family to your knowledge ever had any professional, business or social relationship with any person on the Attached List?  If yes, please explain in detail.

    4.   Do you own any stock or have any other type of financial interest in any entity on the Attached List?  If yes, please identify the entity(ies) involved.

    5.   Have you been involved in a dispute related to intellectual property in the last five years?  If yes, please explain in detail.

    6.   Have you ever served as an expert witness or consultant to any party or person on the Attached List?  If yes, please explain in detail.

    7.   Please describe all contacts you have had with any person or entity on the Attached List related to this matter, and if such contacts were in writing, please attach copies of such writings to your response.

    8.   Please disclose any other matter that could cause a person aware of the facts and circumstances of this case to entertain a reasonable doubt that you would be impartial as the Court's expert.  Any doubts you have as to whether to disclose a matter should be resolved in favor of disclosure.

Dated: _____      _____
                                               DAVID A. HODGES

ATTACHED LIST

Fujitsu Limited, Fujitsu Microelectronics America, Inc.

Nanya Technology Corp., Nanya Technology Corp. U.S.A.

KLA-Tencor Corp.

The law firm Milbank Tweed Hadley & McCloy LLP, including its attorneys Christopher Chalsen, Michael Murray, Lawrence Kass, Michael Kurzer, Blake Reese, Timothy Doyle, Stephen Kim, Chris Holm, Frank Bruno, Gregory Evans, Ping Gu, William Wallace, and Mark Scarsi

The law firm Shore Chan Bragalone LLP, including its attorneys Michael Shore, Alfonso Chan, Jeffrey Bragalone, Joseph DePumpo, Patrick Conroy, Justin Kimble, Sherry Talton, Regina Holder, Sean Hsu, Derek Johnson, Patrick Traister, and Kumar Vinnakota

The law firm Fliesler Meyer LLP, including its attorneys Martin Fliesler and Rex Hwang

The law firm Howrey LLP, including its attorneys Henry Bunsow, K.T. Cherian, Robert Harkins, and Vinay Joshi

Inventors of the Nanya Technology Corp. patents-in-suit, including Tse-Yao Huang, Yun Sen Lai, Yi-Nan Chen, Hsien-Wen Liu, and Hui-Min Mao

Inventors of the Fujitsu Limited patents-in-suit, including Hiroyoshi Tomita, Tatsuya Kanda, Hiroshi Arimoto, Masao Taguchi, and Toshiya Uchida

Ellen Marcie Emas

Joe McKinney Muncy

John P. Kong

Rustan Hill

Ken Hurley

Vicky Tseng

Shigeru Kitano

Yuichi Sakoda

Pei Lin Pai

Su Lin Chin

Yu Ching Liu

Michael D. Bednarek

David Rahmer

The law firm Arent Fox LLP

The law firm Kratz Quintos & Hanson LLP

The law firm Kubovcik & Kubovcik

The law firm Pillsbury Winthrop Shaw Pittman LLP

Semiconductor Insights Inc.

JEDEC Solid State Technology Association (formerly known as Joint Electron Device Engineering Council).

IBM Corp.

Infineon Technologies AG, Infineon North America Corp.

Inotera Memories, Inc.

Qimonda AG, Qimonda North America Corp.

Rambus, Inc.

NEC Electronics Corp.

Samsung Electronics Co.

Texas Instruments Inc.