**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FUJITSU LIMITED, a Japanese
     corporation, and FUJITSU                    No. C 06-6613 CW
12   MICROELECTRONICS AMERICA, INC., a
     California corporation,
13
              Plaintiffs,
14
         v.
15
     NANYA TECHNOLOGY CORP., a Taiwanese
16   corporation, and NANYA TECHNOLOGY
     CORP., U.S.A., a California
17   corporation,

18            Defendants.
     _____
19
     KLA-TENCOR CORP.,                           No. C 08-1254 CW
20
              Plaintiff,
21
         v.                                      ORDER APPOINTING
22                                               DAVID A. HODGES
     FUJITSU LIMITED and FUJITSU                 AS COURT'S EXPERT
23   MICROELECTRONICS AMERICA, INC.,

24            Defendants.
25   _____/

26
         On May 5, 2008, the Court provided Dr. David A. Hodges with
27
     instructions concerning his potential duties as the Court's expert
28

United States District Court
For the Northern District of California

1   witness.  Having consented to serve as the Court's expert and to

2   comply with those instructions, and having identified no conflict

3   of interest that would prevent him from objectively and

4   dispassionately discharging his duties,[1] Dr. Hodges is hereby

5   appointed the Court's expert in the above-captioned matters.

6          IT IS SO ORDERED.

7   

8   Dated: 5/19/08
                              _____
9                             CLAUDIA WILKEN
                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [1]Dr. Hodges' consent and his responses to the Disclosure Form
     are attached as an exhibit to this order.

28                                    2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FUJITSU LIMITED ET AL et al,                                   Case Number: CV06-06613 CW

        Plaintiff,                                   **CERTIFICATE OF SERVICE**

  v.

NANYA TECHNOLOGY CORP. ET AL et al,

        Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

```
David A. Hodges
1272 Queens Rd.
Berkeley, CA 94708-2141
```

Dated: May 19, 2008

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk

**United States District Court**
For the Northern District of California

3

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FUJITSU LIMITED, a Japanese
     corporation, and FUJITSU                    No. C 06-6613 CW
12   MICROELECTRONICS AMERICA, INC., a
     California corporation,
13
             Plaintiffs,
14
         v.
15
     NANYA TECHNOLOGY CORP., a Taiwanese
16   corporation, and NANYA TECHNOLOGY
     CORP., U.S.A., a California
17   corporation,

18           Defendants.

19   ─────────────────────────────────────

     KLA-TENCOR CORP.,                           No. C 08-1254 CW
20
             Plaintiff,
21
         v.                                      ORDER CONCERNING
22                                               DUTIES AND
                                                 INSTRUCTIONS FOR
23   FUJITSU LIMITED and FUJITSU                  COURT-APPOINTED
     MICROELECTRONICS AMERICA, INC.,             EXPERT DR. DAVID
24                                               A. HODGES
             Defendants.
25   ─────────────────────────────────────/

26

27       If Dr. David A. Hodges consents, the Court will appoint him as

28   its expert witness.  See Fed. R. Evid. 706.  As the Court-appointed

1  expert, Dr. Hodges shall serve as a neutral, independent expert on
2  behalf of the Court on the technology at issue in this case with
3  respect to all patents-in-suit.  His duties shall include the
4  following: (i) to provide a basic tutorial to the Court and the
5  jury on the underlying technology at issue in this case related to
6  all of the patents-in-suit; (ii) to provide a tutorial, expert
7  analysis and opinions as to the claim construction issues in this
8  case related to all patents-in-suit; and (iii) to provide expert
9  analysis and opinions as to the technical issues in this case
10  related to all patents-in-suit, including issues concerning
11  infringement and validity of the asserted claims of all
12  patents-in-suit.

13      Dr. Hodges will be provided with various materials to use as
14  resources when forming his opinions.  Some materials are available
15  now and will be provided within five days of the entry of an order
16  appointing him.  Other materials will be provided on a rolling
17  basis as they become available during the course of the litigation.
18  The parties believe that these materials may be helpful for Dr.
19  Hodges to consider for the purposes of forming his opinions.  He is
20  not limited to these materials, and may request additional
21  information if he believes that it is necessary.  He may give these
22  materials as much weight and consideration as he believes in his
23  professional judgment is required.

24      Copies of the following materials will be provided to Dr.
25  Hodges within five days of the entry of an order appointing him, in
26  organized binders that are labeled and tabbed: (i) all
27  patents-in-suit, (ii) the file histories of all patents-in-suit;
28

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

1   (iii) Plaintiffs' Patent Local Rule 3-1 Disclosure of Asserted

2   Claims and Preliminary Infringement Contentions, dated March 12,

3   2007; (iv) Plaintiffs' First Supplemental Patent Local Rule 3-1

4   Disclosure of Asserted Claims and Preliminary Infringement

5   Contentions, dated April 4, 2007; (v) Defendants' Preliminary

6   Invalidity Contentions, dated April 30, 2007; (vi) Defendants'

7   First Amended Preliminary Invalidity Contentions, dated June 27,

8   2007; (vii) Defendants' Supplemental Preliminary Invalidity

9   Contentions, dated January 22, 2008; (viii) Defendants' Patent

10  Local Rule 3-1 Disclosure of Asserted Claims and Preliminary

11  Infringement Contentions, dated March 12, 2007; (ix) Plaintiffs'

12  Preliminary Invalidity Contentions, dated April 30, 2007;

13  (x) transcripts of all pertinent depositions taken thus far; and

14  (xi) the up-to-date and all continuing correspondence to and from

15  the United States Patent and Trademark Office (USPTO) as it becomes

16  available regarding reexaminations of all patents-in-suit.

17        During the course of the litigation, the parties will provide

18  more materials to Dr. Hodges, as they become available.  A few

19  examples of these materials are as follows.  One, the Court expects

20  that the parties will submit additional infringement and invalidity

21  contentions.  Two, the opening reports of the parties' experts are

22  due on 11/12/08 and the rebuttal expert reports are due on 12/2/08.

23  Three, the opening, opposition, reply and sur-reply briefs on claim

24  construction are due on 1/12/09, 2/2/09, 2/23/09 and 3/5/09,

25  respectively.  On or about the same dates that the parties exchange

26  the above materials with each other, or file them with the Court,

27  copies shall be sent to Dr. Hodges.  Similarly, deposition

28

3

United States District Court
For the Northern District of California

1    transcripts of the parties' experts and additional pertinent fact
2    witnesses will be provided to Dr. Hodges on or about the same dates
3    that they become available.

4         The parties will send the documents to Dr. Hodges jointly.  If
5    the parties disagree about the propriety of providing a certain
6    document or thing to Dr. Hodges, the parties will seek the Court's
7    assistance and neither party shall provide that document or thing
8    to Dr. Hodges until and unless the Court has resolved the issue.

9         Dr. Hodges may look to the expert reports and the deposition
10   transcripts of the parties' experts for guidance as to what the
11   experts and the parties believe are the key issues to be addressed
12   in this case.  However, it is not his role to critique the parties'
13   experts.  His conclusions are to be his own independent opinions.
14   The parties will provide him with a copy of the model jury
15   instructions for patent cases here in the Northern District of
16   California.  The basic law regarding his tasks will be set out in
17   these instructions and Dr. Hodges shall abide by them.  In
18   addition, he will have the opportunity to ask questions, as
19   described below, in the event that a patent law issue comes up that
20   was not addressed by these materials.

21        Dr. Hodges will need to attend the claim construction oral
22   hearing on March 26, 2009.  Prior to the hearing, Dr. Hodges shall
23   review the parties' claim construction briefs.  On or before April
24   13, 2009, Dr. Hodges shall provide the Court and the parties with
25   his advisory opinion on claim construction.  The advisory opinion
26   shall include Dr. Hodges's proposed constructions of the disputed
27   claim terms and his reasoning for arriving at those constructions.

28                                      4

1    Regarding the technical issues in this case, after reviewing

2 the materials provided to him, and conducting his own independent

3 analysis, Dr. Hodges will prepare an expert report, containing a

4 statement of his opinions and the reasons for his opinions.  His

5 report should be sent to the parties by express mail no later than

6 May 15, 2009.  Within a month following submission of Dr. Hodges's

7 expert report, the parties may ask him to appear for a deposition

8 at a time and location that is convenient to him.  At the

9 deposition, the parties can ask him questions, and he will be given

10 the opportunity to explain his opinions in greater detail prior to

11 his testimony at trial.  Each party may depose Dr. Hodges for up to

12 7 hours.  In his expert report:

13    (i)    Dr. Hodges will offer his opinion on infringement by

14           determining whether each and every element of the

15           asserted claims can be found in the accused products.

16           Each party's infringement contention chart will set out

17           its infringement theory on an element-by-element basis.

18           Similarly, the parties' expert reports will track this

19           element-by-element analysis.  Dr. Hodges should conduct

20           his own independent analysis in the same manner as the

21           parties in this case.

22    (ii)   Also, Dr. Hodges will offer an opinion on patent

23           invalidity due to anticipation, by determining whether or

24           not each and every element of one or more of the asserted

25           claims can be found in any one item of prior art.  The

26           parties' invalidity contention charts will set out their

27           invalidity-due-to-anticipation theories on an

28                                      5

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    element-by-element basis.  Similarly, the parties' expert

2    reports will track this element-by-element analysis.  Dr.

3    Hodges should conduct his own independent analysis on

4    anticipation in the same manner as the parties in this

5    case.

6    (iii)  Additionally, Dr. Hodges will offer his opinion on

7    invalidity due to obviousness by determining whether or

8    not it would have been obvious to combine the teachings

9    of certain references to achieve the claimed invention.

10   The parties' invalidity contention charts will set out

11   their invalidity-due-to-obviousness theories on an

12   element-by-element basis.  Similarly, the parties' expert

13   reports will track this element-by-element analysis.  Dr.

14   Hodges should conduct his own independent analysis on

15   obviousness in the same manner as the parties in this

16   case.

17       Lastly, Dr. Hodges will testify at trial on his opinions.  The

18   trial is scheduled to begin on July 13, 2009.  The Court and the

19   parties will attempt to accommodate Dr. Hodges and to give him as

20   much advance notice as possible as to what day (or days) he will be

21   needed to testify.  Trials are complex matters, however, involving

22   many witnesses, so flexibility will be required.  The parties will

23   pay for all of Dr. Hodges's reasonable hotel and travel expenses.

24       Dr. Hodges may contact the Court, by calling its clerk at

25   (510) 637-3542, if questions come up or if he encounters difficulty

26   in accomplishing his assigned tasks.  The clerk will arrange a

27   conference call with the attorneys.  He may also contact the Court

28                                6

1  by letter, with a carbon copy to the parties, or by emailing the

2  clerk and "cc"-ing the parties.  The clerk's email address is

3  sheilah_cahill@cand.uscourts.gov.  In addition, Dr. Hodges may

4  contact the parties directly, by using the e-mail addresses that

5  they will provide to him, if he needs additional documents or other

6  information.  Dr. Hodges, however, shall not contact only one

7  party, as it is important that both sides be given the chance to

8  communicate with him jointly if needed.  The parties will set up a

9  conference call if necessary.

10      In order to accept this appointment, Dr. Hodges must give his

11  consent to serve as the Court-appointed expert in this case, and

12  must acknowledge his responsibility to discharge his duties in

13  accordance with the instructions set forth in this order, by

14  signing below and returning the signed original to the Court in the

15  enclosed envelope.

16      Dr. Hodges must also confirm that he has no conflict of

17  interest.  Specifically, Dr. Hodges should provide the information

18  requested in the attached "Disclosure Form."  He may provide this

19  information in the same envelope containing his consent.

20      Upon his agreement and the Court's appointment, the parties

21  will retain Dr. Hodges.  Fujitsu and Defendants (Nanya and KLA)

22  shall equally share Dr. Hodges's fees and expenses.  Each side will

23  deposit a retainer of $20,000 in one of its counsel's trust

24  account.  The parties shall disclose to Dr. Hodges the hourly rates

25  they are paying to their experts.  Dr. Hodges may bill at his usual

26  hourly rate or at a rate commensurate with the rates paid to the

27  parties' expert witnesses.

28

**United States District Court**
**For the Northern District of California**

7

<div style="writing-mode: vertical-rl">United States District Court
For the Northern District of California</div>

1  IT IS SO ORDERED.

2

3  Dated:   5/5/08                    _Claudia Wilken_____
                                      CLAUDIA WILKEN
4                                     United States District Judge

5

6                              CONSENT

7      I consent to serve as the Court's expert in the cases of

8  Fujitsu Ltd. v. Nanya Technology Corp., No. C 06-6613, and KLA-

9  Tencor Corp. v. Fujitsu Ltd., No. C 08-1254, and will discharge my

   duties in accordance with the instructions provided to me by the
10
   Court.
11

12 Dated: _5/13/2008_                 _David A. Hodges_____
13                                    DAVID A. HODGES

14

15

16

17

18

19                                    **DAVID A. HODGES**
                                      **1272 QUEENS ROAD**
20                                    **BERKELEY, CA 94708**

21                                    please use this
22                                    address for all
23                                    mail, express, etc.

24

25                                    Email:
26                                    hodges@eecs.berkeley.
27                                                     edu
                                      attachments are OK
28                        8

DISCLOSURE FORM

Please answer the following questions:

1.    Do you presently provide any goods or services (paid or
unpaid) to any entity on the Attached List?  If yes, please
explain in detail. *no*

2.    Please provide a list of all semiconductor companies
for which you have consulted or worked in the past four years,
and for each state the nature of your work. *attached*

3.    Have you or any member of your family to your knowledge
ever had any professional, business or social relationship with
any person on the Attached List?  If yes, please explain in
detail.             *no*

4.    Do you own any stock or have any other type of
financial interest in any entity on the Attached List?  If yes,
please identify the entity(ies) involved. *no*

5.    Have you been involved in a dispute related to
intellectual property in the last five years?  If yes, please
explain in detail. *yes*

6.    Have you ever served as an expert witness or consultant
to any party or person on the Attached List?  If yes, please
explain in detail. *attached*

7.    Please describe all contacts you have had with any
person or entity on the Attached List related to this matter, and
if such contacts were in writing, please attach copies of such
writings to your response. *attached*

8.    Please disclose any other matter that could cause a
person aware of the facts and circumstances of this case to
entertain a reasonable doubt that you would be impartial as the
Court's expert.  Any doubts you have as to whether to disclose a
matter should be resolved in favor of disclosure.

Dated: *5/13/2008*                          *David A. Hodges*
                                            DAVID A. HODGES

ATTACHED LIST *negative, except as noted* ←

Fujitsu Limited, Fujitsu Microelectronics America, Inc.

Nanya Technology Corp., Nanya Technology Corp. U.S.A.

KLA-Tencor Corp.

The law firm Milbank Tweed Hadley & McCloy LLP, including its *Copies attached* attorneys Christopher Chalsen, Michael Murray, Lawrence Kass, Michael Kurzer, Blake Reese, Timothy Doyle, Stephen Kim, Chris Holm, Frank Bruno, Gregory Evans, Ping Gu, William Wallace, and Mark Scarsi

The law firm Shore Chan Bragalone LLP, including its attorneys Michael Shore, Alfonso Chan, Jeffrey Bragalone, Joseph DePumpo, Patrick Conroy, Justin Kimble, Sherry Talton, Regina Holder, Sean Hsu, Derek Johnson, Patrick Traister, and Kumar Vinnakota

The law firm Fliesler Meyer LLP, including its attorneys Martin Fliesler and Rex Hwang

The law firm Howrey LLP, including its attorneys Henry Bunsow, K.T. Cherian, Robert Harkins, and Vinay Joshi

Inventors of the Nanya Technology Corp. patents-in-suit, including Tse-Yao Huang, Yun Sen Lai, Yi-Nan Chen, Hsien-Wen Liu, and Hui-Min Mao

Inventors of the Fujitsu Limited patents-in-suit, including Hiroyoshi Tomita, Tatsuya Kanda, Hiroshi Arimoto, Masao Taguchi, and Toshiya Uchida

Ellen Marcie Emas

Joe McKinney Muncy

John P. Kong

Rustan Hill

Ken Hurley

Vicky Tseng

Shigeru Kitano

1

Yuichi Sakoda

Pei Lin Pai

Su Lin Chin

Yu Ching Liu

Michael D. Bednarek

David Rahmer

The law firm Arent Fox LLP

The law firm Kratz Quintos & Hanson LLP

The law firm Kubovcik & Kubovcik

The law firm Pillsbury Winthrop Shaw Pittman LLP

Semiconductor Insights Inc.

JEDEC Solid State Technology Association (formerly known as Joint Electron Device Engineering Council).

IBM Corp.

Infineon Technologies AG, Infineon North America Corp.

Inotera Memories, Inc.

Qimonda AG, Qimonda North America Corp.

Rambus, Inc.

NEC Electronics Corp.

Samsung Electronics Co.

Texas Instruments Inc.

**David A. Hodges**
**1272 Queens Road**
**Berkeley, CA 94708**

May 13, 2008

Clerk, U.S. District Court
1301 Clay Street, Suite 400S
Oakland, CA 94612-5212

Following are my positive responses to items on the attached disclosure form.

Item 2.   All semiconductor companies for which I have consulted or worked in the
past 4 years:
Silicon Image, Inc.  (SIMG) Board of Directors 1998 to May 2007
Siemens Technology to Business Center, Berkeley CA  Dec. 2006-present
Technical Advisory Board; little semiconductor content
Sandia National Laboratories, Albuquerque, NM  2002-2006
Advisory panel on new semiconductor process facility

Item 5.   Analog Devices, Inc./Proskauer Rose, LLP  October 2007-March 2008
Expert witness in a patent infringement suit regarding digital couplers;
settled before trial. U.S. Federal court, Boston. Other party:  Silicon Labs,
Inc.

Item 6.   I served as an expert witness for Texas Instruments/Jones Day LLP for
proceedings in U.S. Trade Court in 1987-88, on infringement of TI's
DRAM patents.  Fujitsu and Samsung were among the multiple
defendants.  The court ruled for Texas Instruments.

Item 7.  Copies attached.

Sincerely,

David A Hodges

*Disclosure form item 7.*

## David A. Hodges

**From:** Kim, Stephen [SKim@milbank.com]
**Sent:** Friday, March 07, 2008 6:23 PM
**To:** David A Hodges
**Subject:** RE: court appointed witness

Prof. Hodges,

Thank you for your reply. Just to give you a quick review of our need for an expert in the upcoming litigation, we are representing Fujitsu Limited in a patent infringement case against Nanya Technology Corp. and KLA Tencor. We require an expert in DRAM technology to act as a "court appointed expert" whose function would be to assist the Court in understanding the technical aspects of the case. Unlike an "expert witness", you would not be assisting either side in particular.

The bulk of the time commitment would be approximately six months from now and would require some travel within California. However, most of the work can be done remotely.

The patents that are at issue are as follows:

U.S. Patent No. 4,801,989

U.S. Patent No. 5,227,996

U.S. Patent No. 6,104,486

U.S. Patent No. 6,292,428

U.S. Patent No. 6,320,819

U.S. Patent No. 6,790,765

U.S. Patent No. 6,225,187

U.S. Patent No. 6,426,271

These patents can be viewed through http://www.google.com/patents. If you prefer, we can send you PDF files of the patents, but the size can sometimes cause problems when sending them via email depending on your mailbox. If you have any problems or questions, please email me.

Please look over the patents to determine if you are familiar with the subject matter. Also, please send us a copy of your curriculum vitae and billing rate so that we may look over your DRAM experience and look for any potential conflicts of interest.

We hope to hear from you soon.

Thanks again,

Stephen Kim

5/13/2008

**Milbank**
Intellectual Property/Litigation
Stephen C. Kim
Not Yet Admitted in NY
1 Chase Manhattan Plaza
New York, NY 10005
T: (212) 530-5063 F: (212) 822-5063
skim@milbank.com
www.milbank.com

---

**From:** dahodges9@gmail.com [mailto:dahodges9@gmail.com] **On Behalf Of** David A Hodges
**Sent:** Friday, March 07, 2008 9:11 PM
**To:** Kim, Stephen
**Subject:** court appointed witness

Dear Mr. Kim,

I picked up your phone message of Thursday afternoon late today. Also, Ms. O'Neill
forwarded to me your email msg to her.   Please send me the US patent numbers
in dispute.  I will review them promptly, then email you if feel qualified as a
candidate for this assignment.

I previously served as a witness for Texas Instruments in DRAM litigation before
the US Trade Court. That was in 1988.  My recent experience as an expert witness is
in other areas of semiconductor product design.

   -David Hodges  hodges@eecs.berkeley.edu  is best way to reach me.

---

**IRS Circular 230 Disclosure:** U.S. federal tax advice in the foregoing message from Milbank,
Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person
for the purpose of avoiding tax penalties that may be imposed regarding the transactions or
matters addressed. Some of that advice may have been written to support the promotion or
marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in
which case you should seek advice based on your particular circumstances from an independent
tax advisor.

---

This e-mail message may contain legally privileged and/or confidential information. If you are not
the intended recipient(s), or the employee or agent responsible for delivery of this message to the
intended recipient(s), you are hereby notified that any dissemination, distribution or copying of
this e-mail message is strictly prohibited. If you have received this message in error, please
immediately notify the sender and delete this e-mail message from your computer.

5/13/2008

# David A. Hodges

**From:**   Kim, Stephen [SKim@milbank.com]
**Sent:**   Monday, March 17, 2008 4:44 PM
**To:**     David A. Hodges
**Cc:**     Bruno, Frank A.
**Subject:** RE: court appointed witness

Prof. Hodges,

Thank you for sending your CV.  After reviewing our potential court appointed experts, we feel that you are the most qualified for the position and therefore we are recommending you to the Court as our top candidate.  The opposing counsel for Nanya will also be recommending an expert and it will ultimately be the Court's decision who is selected.  I will keep you updated as much as possible and let you know when we have an idea as to a time frame for the final selection by the Court.  Please let me know if you have any questions.

Thank you,

Stephen Kim


**Milbank**
**Intellectual Property/Litigation**
**Stephen C. Kim**
**Not Yet Admitted in NY**
1 Chase Manhattan Plaza
New York, NY 10005
T: (212) 530-5063 F: (212) 822-5063
skim@milbank.com
www.milbank.com

---

**From:** David A. Hodges [mailto:dahodges9@gmail.com]
**Sent:** Sunday, March 09, 2008 5:13 PM
**To:** Kim, Stephen
**Subject:** RE: court appointed witness

Mr. Kim,

I reviewed the patents.  I am familar with the technical matters covered in those
patents and believe I could assist the court in understanding related technical issues.
Attached is my curriculum vitae and a list of my publications and patents.  It
has been many years since I published or patented on semiconductor memory,
but I taught that topic at Berkeley for two decades. I served in the past as an expert
on DRAM and related manufacturing technologies for Texas Instruments and others.

Currently I am under contract as a consultant to Siemens Corporate Research on a
range of technology topics, not including DRAM.  I recently completed service
as an expert for Analog Devices, Inc. in patent infringement litigation not
related to DRAM or any memory technology.  (That matter was settled before trial.)

I don't believe I have any potential conflict of interest with respect to subject matter represented by the patents you listed.

If appointed, I would bill at the rate of $400/hour for preparation and appearances, plus travel expenses (coach), and $200/hour for travel time.  This was the rate I received in my recent service for Analog Devices.

-David Hodges

---

**From:** Kim, Stephen [mailto:SKim@milbank.com]
**Sent:** Friday, March 07, 2008 6:23 PM
**To:** David A Hodges
**Subject:** RE: court appointed witness

Prof. Hodges,

Thank you for your reply.  Just to give you a quick review of our need for an expert in the upcoming litigation, we are representing Fujitsu Limited in a patent infringement case against Nanya Technology Corp. and KLA Tencor. We require an expert in DRAM technology to act as a "court appointed expert" whose function would be to assist the Court in understanding the technical aspects of the case. Unlike an "expert witness", you would not be assisting either side in particular.

The bulk of the time commitment would be approximately six months from now and would require some travel within California. However, most of the work can be done remotely.

The patents that are at issue are as follows:

U.S. Patent No. 4,801,989

U.S. Patent No. 5,227,996

U.S. Patent No. 6,104,486

U.S. Patent No. 6,292,428

U.S. Patent No. 6,320,819

U.S. Patent No. 6,790,765

U.S. Patent No. 6,225,187

U.S. Patent No. 6,426,271

These patents can be viewed through http://www.google.com/patents. If you prefer, we can send you PDF files of the patents, but the size can sometimes cause problems when sending them via email depending on your mailbox. If you have any problems or questions, please email me.

Please look over the patents to determine if you are familiar with the subject matter. Also, please send us a copy of your curriculum vitae and billing rate so that we may look over your DRAM experience and look for any potential conflicts of interest.

We hope to hear from you soon.

Thanks again,

5/13/2008

Stephen Kim


**Milbank**
**Intellectual Property/Litigation**
**Stephen C. Kim**
**Not Yet Admitted in NY**
1 Chase Manhattan Plaza
New York, NY 10005
T: (212) 530-5063 F: (212) 822-5063
**skim@milbank.com**
www.milbank.com

===================================================================

**IRS Circular 230 Disclosure:** U.S. federal tax advice in the foregoing message from **Milbank,** **Tweed, Hadley & McCloy LLP** is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

===================================================================

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

## David A. Hodges

**From:** Kass, Lawrence [LKass@milbank.com]

**Sent:** Friday, April 04, 2008 10:22 AM

**To:** David A. Hodges; hodges@eecs.berkeley.edu

**Cc:** Chalsen, Christopher; Murray, Michael; Michael Shore; Alfonso G Chan; Harkins, Robert; Joshi, Vinay; Cherian, K.T.; Justin Kimble; Sherry Talton; F-N-wg@milbank.com

**Subject:** Court-Appointed Expert -- Fujitsu v Nanya v KLA-Tencor (4:06-CV-06613 (CW))

**Attachments:** 2008-04-04 Kass to Hodges (scan).pdf

Dear Dr. Hodges:

Please see attached letter. A text version is provided below for convenience.

Best regards,
Larry Kass

<<2008-04-04 Kass to Hodges (scan).pdf>>

---

Dear Dr. Hodges:

   We are writing to advise you that yesterday Judge Wilken chose you as the court-appointed expert for all patents in suit except the '486 patent, for which she "provisionally" chose you as the court-appointed expert. With respect to the '486 patent, Judge Wilken may allow some follow-up inquiries -- agreed-upon in advance by all parties -- regarding your comfort level with ellipsometry and related documents, and regarding conflicts clearance.

   We have advised Nanya and KLA that, because you have now been chosen as the court-appointed expert, no party can contact you ex parte (i.e., without including the other parties and the Court). Accordingly, I have included opposing counsel on this letter (as cc), and the letter is being concurrently lodged with the Court. If any party contacts you ex parte (or has done so since yesterday), we would appreciate if you could please report such contact to the other parties and the Court.

   The parties and the Court will be coordinating and following up with you shortly.

Very truly yours,
Lawrence T. Kass

cc:   Judge Wilken (via hand delivery and ECF)
        Counsel for All Parties (via email and ECF)

**IRS Circular 230 Disclosure:** U.S. federal tax advice in the foregoing message from Milbank, Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

——

212-530-5000

LAWRENCE T. KASS
PARTNER
DIRECT DIAL NUMBER
212-530-5178
FAX: 212-822-5796
E-MAIL: lkass@milbank.com

**LOS ANGELES**
213-892-4000
FAX: 213-629-5063

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
020-7615-3000
FAX: 020-7615-3100

**FRANKFURT**
49-69-71914-3400
FAX: 49-69-71914-3500

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

**BEIJING**
8610-5123-5120
FAX: 8610-5123-5191

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**TOKYO**
813-3504-1050
FAX: 813-3595-2790

April 4, 2008

**VIA EMAIL**

David A. Hodges
Professor of Electrical Engineering and Computer Sciences
516 Cory Hall #1770
Berkeley, CA 94720-1770

Re:  *Fujitsu Limited v. Nanya Technology Corp*, No. 4:06-cv-06613 (N.D. Cal.)
     *KLA-Tencore Corp. v. Fujitsu Limited*, No. 4:08-cv-01254 (N.D. Cal.)

Dear Dr. Hodges:

We are writing to advise you that yesterday Judge Wilken chose you as the court-appointed expert for all patents in suit except the '486 patent, for which she "provisionally" chose you as the court-appointed expert. With respect to the '486 patent, Judge Wilken may allow some follow-up inquiries -- agreed-upon in advance by all parties -- regarding your comfort level with ellipsometry and related documents, and regarding conflicts clearance.

We have advised Nanya and KLA that, because you have now been chosen as the court-appointed expert, no party can contact you ex parte (i.e., without including the other parties and the Court). Accordingly, I have included opposing counsel on this letter (as cc), and the letter is being concurrently lodged with the Court. If any party contacts you ex parte (or has done so since yesterday), we would appreciate if you could please report such contact to the other parties and the Court.

The parties and the Court will be coordinating and following up with you shortly.

Very truly yours,

Lawrence T. Kass

cc:    Judge Wilken (via hand delivery and ECF)
       Counsel for All Parties (via email and ECF)