IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP., U.S.A., a California corporation,<br><br>    Defendants.<br>                                             / | No. C 06-6613 CW<br><br>ORDER GRANTING FUJITSU'S MOTION TO DISMISS KLA-TENCOR'S COMPLAINT |

    Fujitsu Limited and Fujitsu Microelectronics America, Inc. move to dismiss the claims brought against them by KLA-Tencor Corp. KLA opposes the motion. The matter was heard on August 7, 2008. Having considered oral argument and all of the papers submitted by the parties, the Court grants Fujitsu's motion.

BACKGROUND

    On September 13, 2006, Nanya Technology Corp. filed a lawsuit against Fujitsu in the District of Guam alleging antitrust

violations and infringement of three of Nanya's patents, and seeking a declaration that it did not infringe any of fifteen of Fujitsu's patents.  A month later, Fujitsu filed suit against Nanya in this Court alleging infringement of five patents, all of which were among the fifteen patents in the Guam action.  The Guam case was eventually transferred to the Northern District of California and consolidated with Fujitsu's case against Nanya.

Among the patents Nanya is accused of infringing is U.S. Patent No. 6,104,486 (the '486 patent).  This patent claims a method of measuring the lateral size of features on a semiconductor substrate using a technique called ellipsometry.  Using the method, it is possible to measure very small features with a high degree of accuracy.

Fujitsu accuses Nanya of infringing the '486 patent in the course of manufacturing dynamic random access memory by using a device manufactured by KLA, the SpectraCD.  The SpectraCD includes an ellipsometer, but Fujitsu does not, at the present time, contend that KLA's sale of the SpectraCD infringes the '486 patent.  This is ostensibly because the SpectraCD may be used in a number of ways that Fujitsu admits, based on its current knowledge, do not infringe the patent.

In January, 2008, Nanya filed a third-party complaint against KLA seeking indemnification for any damages Fujitsu is awarded for Nanya's infringement of the '486 patent.  In March, 2008, KLA filed a new lawsuit against Fujitsu in the Northern District of California, seeking a declaration that it does not infringe the '486 patent and that the patent is invalid.  The new action was

2

consolidated with the present one. Fujitsu now moves to dismiss KLA's claims, arguing that the Court lacks subject matter jurisdiction over them because there is no case or controversy between KLA and Fujitsu. In the alternative, Fujitsu moves for a more definite statement.

## LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

## DISCUSSION

The Declaratory Judgment Act, in accordance with Article III of the Constitution, requires an "actual controversy" before the Court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

3

Until relatively recently, the Federal Circuit required that, in order to prove an actual controversy, a plaintiff had to establish that the defendant's conduct created an objectively "reasonable apprehension" that the defendant would initiate suit imminently if the plaintiff continued the allegedly infringing activity. See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1334-36 (Fed. Cir. 2007).

In MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S. Ct. 764 (2007), however, the Supreme Court noted that the Federal Circuit's "reasonable apprehension of imminent suit" test conflicted with several cases in which the Supreme Court had found that a declaratory judgment plaintiff had a justiciable controversy. 127 S. Ct. at 774 n.11. The Supreme Court instructed that, although there is no bright-line rule for distinguishing cases that satisfy the actual controversy requirement from those that do not, all that is required is:

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. . . . Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Id. at 771 (citations and internal quotation marks omitted).

Following MedImmune, the Federal Circuit recognized that the Supreme Court did not approve of its reasonable apprehension of imminent suit test. SanDisk Corp. v. STMicroelectronics, Inc., 480

4

F.3d 1372, 1380 (Fed. Cir. 2007); Teva, 482 F.3d at 1340.  The Federal Circuit discarded its "reasonable apprehension" requirement and adopted MedImmune's "all circumstances" test.  Teva, 482 F.3d at 1339 ("[W]e follow MedImmune's teaching to look at 'all the circumstances' . . . to determine whether Teva has a justiciable Article III controversy.").  Under the new test, "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do."  SanDisk, 480 F.3d at 1381.  As one district court has noted, this change in the law with respect to the now-defunct "reasonable apprehension" requirement has "in effect lower[ed] the bar for a plaintiff to bring a declaratory judgment action in a patent dispute."  Frederick Goldman, Inc. v. West, 2007 WL 1989291, at *3 (S.D.N.Y.).

Fujitsu contends that, even under the Federal Circuit's revised standard, there is no actual controversy between it and KLA, and, therefore, the Court does not have jurisdiction over KLA's declaratory judgment claims.  It is significant that Fujitsu has never accused KLA itself of infringing the '486 patent.  Rather, Fujitsu accuses Nanya of using the SpectraCD device in a way that infringes the patent.  Because the '486 patent is a method patent whereas the SpectraCD is a product, the fact that Nanya might infringe the patent by using the SpectraCD in a particular way does not necessarily imply that KLA's sale of the SpectraCD to Nanya likewise infringes; the parties agree that the SpectraCD has substantial non-infringing uses.  Nor has Fujitsu accused KLA of

5

inducing Nanya to infringe the '486 patent.  Thus, while there is a controversy between Fujitsu and Nanya, there is no controversy between Fujitsu and KLA.

It is true that, under some circumstances, a declaratory judgment defendant's litigation against the customers of the declaratory judgment plaintiff can support a finding that a controversy exists between the parties, particularly where the plaintiff has an obligation to indemnify its customers.  See WS Packaging Group, Inc. v. Global Commerce Group, LLC, 505 F. Supp. 2d 561, 566 (E.D. Wis. 2007).  However, in every case cited by KLA finding a controversy under such circumstances, the defendant asserted infringement claims against the plaintiff's customers based on facts which, if the customer's infringement were proven, would compel the conclusion that the plaintiff itself had also infringed.  This is not the case here.  Although KLA posits that Fujitsu's theory of infringement is based on Nanya's use of the SpectraCD in accordance with KLA's instructions, KLA has not made a sufficient showing that a finding of infringement on Nanya's part would necessarily imply that KLA induced Nanya's infringement.  In addition, although KLA maintains that a controversy exists by virtue of Fujitsu's alleged strategy of indirectly attacking KLA by suing its customers, it has not shown that infringement suits by Fujitsu threaten a significant portion of its SpectraCD business or that its customers generally are at risk of being accused of infringing simply by using the SpectraCD.  Moreover, granting KLA's request for a declaration of non-infringement would not necessarily prevent Fujtisu from employing its alleged strategy in the future;

a declaration that KLA itself does not infringe the '486 patent through its sale of the SpectraCD would not preclude a lawsuit charging KLA's customers with infringing the patent through their use of the SpectraCD.

Finally, in its answer to Nanya's third-party complaint for indemnity, KLA asserts as affirmative defenses that it does not infringe the '486 patent and that the patent is invalid. Thus, KLA will have an opportunity to litigate the issues raised in its declaratory judgment complaint to the extent necessary to protect its interests.

The Court concludes that, considering the totality of the circumstances, no substantial controversy exists between KLA and Fujitsu. Accordingly, the Court lacks jurisdiction over KLA's complaint for a declaratory judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Fujitsu's motion to dismiss KLA's complaint. The complaint is dismissed without prejudice. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated:  8/12/08

CLAUDIA WILKEN
United States District Judge

7