**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

FUJITSU LIMITED, a Japanese                    No. C 06-6613 CW

10 corporation, and FUJITSU
MICROELECTRONICS AMERICA, INC., a

11 California corporation,

                                               ORDER DENYING KLA'S

12          Plaintiffs,                        MOTION TO FILE
                                               DOCUMENTS UNDER SEAL

13       v.                                    (DOCKET NO. 338)

14 NANYA TECHNOLOGY CORP., a Taiwanese
corporation, and NANYA TECHNOLOGY

15 CORP., U.S.A., a California
corporation,

16
          Defendants.

17 _____/

18

19

20      KLA-Tencor, Inc. has moved to file under seal portions of its

opposition to Fujitsu's motion to dismiss its complaint,[1] as well

21

as Exhibits 3, 4 and 5 to the Declaration of Vinay V. Joshi in

22

support of such opposition.  These documents contain information

23

that Fujitsu has designated as confidential.

24

      KLA's request relates to its opposition to a dispositive

25

26

_____

27      [1]The unredacted version of the opposition that was lodged with
the clerk does not identify the sealable portions of the document
by highlighting or notations within the text, as required by Local

28 Rule 79-5(c)(3).

**United States District Court**
For the Northern District of California

1 | motion.  Accordingly, the documents may not be filed under seal

2 | unless there is a "compelling interest" in doing so.  <u>Pintos v.</u>

3 | <u>Pac. Creditors Ass'n</u>, 504 F.3d 792, 801-03 (9th Cir. 2007).

4 |     Pursuant to Local Rule 79-5, if any party objects to the

5 | public filing of any document, that party must file a declaration

6 | establishing with particularity the need to file the document or a

7 | portion thereof under seal.  The statement must explain how the

8 | party stands to be harmed by the public filing of the objectionable

9 | information.  A blanket statement that the party considers the

10 | document confidential or has designated the document as subject to

11 | a stipulated protective order is not sufficient to demonstrate that

12 | the document is sealable.  <u>See</u> Local Rule 79-5(a).

13 |     The exhibits and the relevant portions of the opposition brief

14 | refer to information that Fujitsu considers confidential.  Fujitsu,

15 | however, has not filed a declaration establishing a compelling

16 | interest to justify filing these document under seal, as it was

17 | required to do within five days of KLA's request.  <u>See</u> Local Rule

18 | 79-5(d).  Nor does the fact that Fujitsu has designated the

19 | material as confidential establish a compelling interest to file it

20 | under seal.  <u>See</u> Local Rule 79-5(a).

21 |     For these reasons, KLA's motion is DENIED.  Pursuant to Local

22 | Rule 79-5(d), KLA shall file in the public record via ECF an

23 | unredacted version of its opposition brief as well as Exhibits 3, 4

24 | and 5 to the Joshi declaration.

25 |     IT IS SO ORDERED.

26 |

Dated: 8/14/08

27 | _____
CLAUDIA WILKEN
United States District Judge

28 |

2